21-cv-6321(DLC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jul 13 2022

21-3032
Knox v. Ironshore Indemnity Inc.



# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand twenty-two.

PRESENT:
>           AMALYA L. KEARSE,
>           DENNIS JACOBS,
>           WILLIAM J. NARDINI,
>                 *Circuit Judges.*

---

TESSA KNOX, PAMELA KASSEN,
LAURENTINA CHAPARRO, HILLARY
CRANDLE, JOY FUSARO, ALYSSA HICKEY,
MARGRET HOLCOMB, MICHELLE ORTIZ,
TRIPTI PANDEY, WIJDAN SHOUBAKI, JENA
TOBAK, CHRISTINA TORRES, ARISSIA
TOSSETTI,

>           *Plaintiffs-Appellants*,

v.                                                                      21-3032

IRONSHORE INDEMNITY INC.,

>           *Defendant-Appellee.*

---

FOR PLAINTIFFS-APPELLANTS:          WILLIAM DUNNEGAN (Richard Weiss, *on the brief*), Dunnegan & Scileppi LLC, New York, NY

MANDATE

MANDATE ISSUED ON 07/13/2022

FOR DEFENDANT-APPELLEE:  ANTHONY D. GREEN (Luigi Spadafora, Alexander Truitt, *on the brief*), Winget, Spadafora & Schwartzberg, LLP, New York, NY

Appeal from a December 10, 2021, judgment of the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On July 26, 2021, Plaintiffs-Appellants Tessa Knox, Pamela Kassen, Laurentina Chaparro, Hillary Crandle, Joy Fusaro, Alyssa Hickey, Margret Holcomb, Michelle Ortiz, Tripti Pandey, Wijdan Shoubaki, Jena Tobak, Christina Torres, and Arissia Tossetti ("Appellants") commenced this action against Ironshore Indemnity Inc. ("Ironshore") principally to recover damages awarded against Ironshore's insured, John Varvatos Enterprises, Inc. ("Varvatos," a clothing retailer) in a separate action. As relevant to this appeal, the complaint presented a claim under New York Insurance Law § 3420(a)(2), which provides injured parties with a direct cause of action against the tortfeasor's insurer. The district court dismissed Appellants' statutory claim because "the plain terms of the policy issued by Ironshore make clear that the conduct leading to the Judgment [against Varvatos] is excluded from coverage under the policy," *Knox v. Ironshore Indem. Inc.*, No. 21CV6321 (DLC), 2021 WL 5910112, at *1 (S.D.N.Y. Dec. 10, 2021).[1] Appellants timely appealed. We assume the reader's familiarity with the record. We review *de novo* a district court's dismissal under Rule 12(b)(6). *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188 (2d Cir. 2020).

The judgment in the underlying action is premised on Varvatos's discriminatory pay practices. In brief, starting in approximately 2005 through all relevant periods, Varvatos's male sales employees, but not its female sales employees, were required to wear Varvatos clothing at work and were entitled to obtain $12,000 in Varvatos clothes annually (a taxable benefit). In 2015, Varvatos also began to offer its female sales employees a discount at a related store if they purchased clothing out of their personal funds (a non-taxable benefit). Based on these and other facts, Appellants were awarded a judgment of $2,862,407.41 and, because Varvatos filed for bankruptcy and only satisfied $193,145.53 of that judgment, Appellants seek the balance from Varvatos's insurer, Ironshore.

On appeal, Appellants maintain that the judgment is covered by Varvatos's insurance policy with Ironshore and that Ironshore's reservation of rights does not preclude coverage. In response, Ironshore argues that the district court correctly found that the policy's exclusion of certain prior acts from coverage bars Appellants' claim. We agree with Ironshore.

---

[1] The complaint also pled a claim in the alternative for insurance by estoppel. But that claim fails because New York's direct-action statute, N.Y. Ins. Law § 3420(a)(2), allows plaintiffs to maintain an action against the insurer only "under the terms of the policy or contract," and not for equitable relief. Accordingly, we need not consider the merits of Appellants' insurance by estoppel claim because § 3420(a)(2) does not authorize them to bring such a claim in the first instance.

Varvatos's insurance policy contains a "Prior Acts Exclusion," which states:

In consideration of the premium charged, it is hereby understood and agreed that the Insurer shall not be liable to make any payment for Loss in connection with any Claim for any Wrongful Act which occurred prior to April 30, 2012.  Loss arising out of the same Wrongful Act or Related Wrongful Acts shall be deemed to arise from the first such Wrongful Act.

Joint App'x at 93.  "Related Wrongful Acts," in turn, are defined as:

Wrongful Acts which are the same, related or continuous, or Wrongful Acts which arise from a common nucleus of facts.  Claims can allege Related Wrongful Acts regardless of whether such Claims involve the same or different claimants, Insureds or legal causes of action.

*Id.* at 29.  Under New York law, which the parties agree governs the interpretation of the insurance policy, "[w]henever an insurer wishes to exclude certain coverage from its policy obligations, it must do so in clear and unmistakable language." *Pioneer Tower Owners Ass'n v. State Farm Fire & Cas. Co.*, 12 N.Y.3d 302, 307 (2009) (quoting *Seaboard Sur. Co. v. Gillette Co.*, 64 N.Y.2d 304, 311 (1984)).  New York courts will enforce a policy exclusion only where the exclusion "ha[s] a definite and precise meaning, unattended by danger of misconception . . . and concerning which there is no reasonable basis for a difference of opinion." *Id.* (internal quotation marks omitted).

Here, the district court correctly found that the Prior Acts Exclusion unambiguously excludes coverage for the underlying judgment against Varvatos because Varvatos instituted the discriminatory clothing allowance prior to April 30, 2012, and maintained it after that date.  The *same* policy both before and after that date is plainly "the same, related or continuous," Joint App'x at 29, under any reasonable interpretation of that phrase.  Varvatos's introduction of the discount offer to female employees in 2015 does not alter this conclusion because, as the parties acknowledge, nothing changed about the allowance provided to male employees and, as Appellants successfully argued in the district court, the discount offered to female employees was not comparable in value to the male clothing allowance.  Ironshore has therefore met its burden to demonstrate that there is "no reasonable basis," *Pioneer Tower Owners Ass'n*, 12 N.Y.3d at 307 (internal quotation marks omitted), to conclude that that discount somehow transformed Varvatos's discriminatory policy into something not "the same [as], related [to] or continuous [with]," or that did not "arise from a common nucleus of facts" with, the male clothing allowance on its own, Joint App'x at 29.  *See Fed. Ins. Co. v. Am. Home Assur. Co.*, 639 F.3d 557, 568 (2d Cir. 2011) ("The New York Court of Appeals has held that the phrase 'arising out of' is 'ordinarily understood to mean originating from, incident to, or having connection with.'" (quoting *Maroney v. N.Y. Cent. Mut. Fire Ins. Co.*, 5 N.Y.3d 467, 472 (2005))).  Accordingly, the complaint fails to state a claim under § 3420 because the policy at issue excludes coverage for the judgment against Varvatos.  *See* N.Y. Ins. Law § 3420(a)(2).

We have considered the remainder of Appellants' arguments and find them to be without merit.  For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit